Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

Civil Division

| | |
|---|---|
| JAY BRODSKY | ) Case No. _____ |
| | ) *(to be filled in by the Clerk's Office)* |
| | ) |
| ─────────────────────────── | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| ZIPCAR, INC. | ) |
| AVIS BUDGET GROUP, INC. | ) |
| DOES' 1 through 10 | ) |
| | ) |
| ─────────────────────────── | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.
2019 MAY 22 PM 12: 23

## COMPLAINT FOR A CIVIL CASE

### I.      The Parties to This Complaint

#### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | |
|---|---|---|
| Name | Jay Brodsky | |
| Street Address | 240 East Shore Road, #444 | |
| City and County | Great Neck | Nassau County |
| State and Zip Code | New York | 11023 |
| Telephone Number | (973) 568-1666 | |
| E-mail Address | demcointerexport@yahoo.com | |

#### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

    Name                                 ZipCar, Inc.

    Job or Title *(if known)*

    Street Address                    33 Thompson Place

    City and County                Boston         Suffolk County

    State and Zip Code             Massachussetts.      02210

    Telephone Number           866-494-7227

    E-mail Address *(if known)*   zipcar.com

Defendant No. 2

    Name                                   Avis Budget Group, Inc.

    Job or Title *(if known)*

    Street Address                    6 Sylvan Way

    City and County                Parsippany        Morris County

    State and Zip Code             New Jersey.   07054

    Telephone Number           800-352-7900

    E-mail Address *(if known)*   custserv@avis.com

Defendant No. 3

    Name                                   Does 1 through 10

    Job or Title *(if known)*

    Street Address                    unknown

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual

   The plaintiff, *(name)*   Jay Brodsky                          , is a citizen of the State of *(name)*   New York                          .

   b.    If the plaintiff is a corporation

   The plaintiff, *(name)*                          , is incorporated under the laws of the State of *(name)*                          ,

   and has its principal place of business in the State of *(name)*                          .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)*                          , is a citizen of the State of *(name)*                          . Or is a citizen of *(foreign nation)*                          .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.  If the defendant is a corporation

The defendant, *(name)* ZipCar, Inc. _____ , is incorporated under

the laws of the State of *(name)* Delaware _____ , and has its

principal place of business in the State of *(name)* Massachussetts _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$75,001+

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached complaint

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached complaint

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          May 18, 2019

Signature of Plaintiff

Printed Name of Plaintiff          Jay Brodsky

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

| Case No.<br>May 18, 2019 | BRODSKY v. ZIPCAR<br>Summons & Complaint | Page 1 of 31 |
|---|---|---|

Jay Brodsky
240 East Shore Road, #444
Great Neck, NY 11023
Telephone: (973) 568-1666
E-mail: demcointerexport@yahoo.com
Plaintiff ProSe on Behalf of Himself
Case No._____

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## *THE MATTER OF:*

JAY BRODSKY
**PLAINTIFF**

*-against-*

ZIPCAR, INC.
AVIS BUDGET GROUP, INC.
DOES [1] THROUGH [10]
**DEFENDANT**

- **Issues before the Court,**
- **Amongst Others:**
- NY Gen. Bus. Law § 349
- NY Gen. Bus. Law § 350
- NY Exec. Law § 63(1)
- Common Law Fraud
- Conspiracy
- 15 U.S.C. §§ 52(a)
- 15 U.S.C. § 45(a)(1)
- (RICO) 18 U.S.C. § 1961 *et*
- *seq.,*

---

# SUMMONS AND COMPLAINT
# DEMAND FOR JURY TRIAL

---

## I.             **INTRODUCTION**

1.       **COME NOW**, Jay Brodsky, hereafter known as 'PLAINTIFF,' as

for his complaint against Defendants, ZIPCAR, Inc., AVIS BUDGET

GROUP, INC. and DOES 1 through 10; PLAINTIFF alleges upon

knowledge as to himself and otherwise upon information and belief, as

follows pursuant to Federal Rules of Civil Procedure (FRCP) 8:

## II.            **PRELIMINARY STATEMENT**

2.       "PLAINTIFF" with his wife, 'DONNA MARTIN,' hereafter known as,

'APPLICANT,' resides at 240 East Shore Road, Apartment 444, Great Neck,

New York 11023; duly deposes that the facts as stated herein are true to the

best of his knowledge.

3.       WHEREFORE, Plaintiff brings this self represented claim on behalf of

himself and on behalf of 'APPLICANT.'

4.       This is a civil class action seeking monetary damages, restitution, injunctive

and declaratory relief from Defendants', ZIPCAR, INC. hereafter known as.

'ZIPCAR,' and 'AVIS BUDGET GROUP, INC.', hereafter known as, 'AVIS,'

arising from deceptive and misleading marketing practices' for services

offered to the public through a website known as, zipcar.com and for

promulgating published advertisements which had been conspicuously

posted in the lobby at, '[1]AVALON GREAT NECK' (New York).

5.    As defined within the Uniform Commercial Code, 'DEFENDANTS' are

      considered to be, 'merchants,' by those same standards.

6.    Short term car rentals and those similarly offered by Defendants are

      considered to be, 'services,' by those same standards.

7.    **Zipcar** is an American car-sharing company and a subsidiary of Avis Budget

      Group. Zipcar provides automobile reservations to its members, billable by

      the minute, hour or day; members may have to pay a monthly or annual

      membership fee in addition to car reservations charges. Zipcar was founded

      in 2000 by Antje Danielson and Robin Chase.

8.    On March 14, 2013, Avis Budget Group purchased Zipcar for approximately

      US $500 million in cash, making Zipcar its subsidiary. Scott Griffith, who

      had run the company for the previous 10 years, resigned the day after the

      acquisition closed and passed the reins to a new company president, Mark

      Norman. In early 2014, Kaye Ceille took over as Zipcar's North American

---

[1] AvalonBay Communities, Inc., an equity REIT, has a long-term track record of developing,
redeveloping, acquiring and managing distinctive apartment homes in some of the best U.S.
markets, and delivering outsized, risk-adjusted returns to shareholders. With equal parts
experience and vision, we've established a leadership position rooted in building value for the
long term.

President. In the summer of 2016, Kaye Ceille became a managing director

of Avis Budget Group International.

9.  In September 2016, Zipcar announced that it had [1] million members across

500 cities in 9 countries, and offers nearly 10,000 vehicles in the United

States, Austria, Belgium, Canada, France, Germany, Spain, Turkey, and the

United Kingdom.

10.  Members of ZIPCAR are able to view vehicle availability and reserve a self-

service car rental options via the internet, Android, and iPhone apps, or by

telephone, in increments as short as 30 minutes. Members pay only for time

they reserve.

11.  On or about, February 2019, Plaintiff and 'APPLICANT,' observed an

advertisement for 'ZIPCAR,' conspicuously posted in the lobby of the

apartment building where they reside.

12.  The notice announced the following:

**'FRIENDLY, RELIABLE ZIPCARS' RIGHT NEXT**

**DOOR'**



 

13.   Having a need for such services prompted 'APPLICANT' to join 'ZIPCAR'

      on March 12, 2019.   'APPLICANT' was induced 'ZIPCAR' by believing

      that a rental car was at her disposal, 'right next door' (or at least within close

      proximity to her residence).

14.    Upon acquiring a 'ZIPCAR' membership card, member number: [4525462],

       Plaintiff immediately searched 'ZIPCARs' website (zipcar.com) for the

       nearest rental location closest to home.

15.    Plaintiff soon established that the nearest 'ZIPCAR' location to his

       residence is, 176-60 Union Turnpike, Flushing, NY 11366, [9.5] miles away

       from, 240 East Shore Road, Great Neck, New York (plaintiffs residence).



16.    Assuming that Plaintiff decided to take advantage of 'ZIPCARs'

       rental services by accessing the nearest vehicle rental location, it would

       require employing the services of a ride sharing service such as 'UBER,'

       who's off-peak transportation service would cost Plaintiff, $20.31 each way

       for an UBER X, (compact car lowest fare available) or $40.62 round trip

excluding 20% gratuity which elevates the total cost to $48.74. In addition,

time spent during Plaintiffs' conveyance to 'ZIPCARs' rental location in

Fresh Meadows' Queens, New York is a minimum of 30 minutes each way.



17.   At time of 'APPLICANTs' application submission, an associated pecuniary

fee of $38.00 was assessed to Plaintiffs' Visa card even though 'ZIPCAR'

had prior knowledge that no rental location existed within [9.5] miles of

Plaintiffs' and 'APPLICANTs' residence.

18.   During the application process, 'APPLICANT' proffered sensitive personal

information to 'ZIPCAR' such as home address, driver license information

and credit card information all reflecting the Great Neck, New York address.

Furthermore, 'ZIPCAR' previously demanded that in order to fulfill the

terms of contract, page [3], paragraph [4.1], consumers are required to agree

to the terms below:

**4.**

## Fees and Responsibilities of the Member

**4.1**
The Member agrees to pay Zipcar all applicable driving record/insurance verification, application, membership and similar fees associated with the Member's driving/ membership plan. Such fees (if applicable) are not refundable, regardless of whether or not the application is accepted by Zipcar or a Member's membership terminates and new verification/application fees may be payable if a new membership application is resubmitted more than thirty (30) days after a Member's account with Zipcar is closed. If your driving/membership plan includes an annual or monthly fee, your initial membership fee will be charged to you within five days of membership approval, regardless of whether you activate your Zipcard, and will only be refundable if you terminate your membership within the first thirty (30) days following membership approval. Certain restrictions apply. If at any time you wish to cancel your Zipcar membership, call us at 1-866-4ZIPCAR.

The user contract further states on page 3, paragraph 3.1:

•

Hold a valid driver's license that authorizes the Member to drive in the jurisdictions in which the Member will use Zipcar vehicles and have a **driving history that meets Zipcar's then current eligibility requirements**.

19.   'ZIPCAR' had ample opportunity to confirm and compare Plaintiffs' home

address to the nearest 'ZIPCAR' rental location.

20. Although 'ZIPCAR' had prior knowledge that no rental location existed

within a reasonable distance of 'APPLICANTs' residence, they still

fraudulently enriched themselves by unlawfully deceiving Plaintiff and

'APPLICANT' and unlawfully collected remuneration under false

pretenses.

### III.                          **THE PARTIES'**

Pursuant to Federal Rules of Civil Procedure 7(a), the parties are as follows:

PLAINTIFF:

21. JAY BRODSKY, concomitantly with 'APPLICANT,' 240 East Shore Road,

#444, Great Neck, New York;

DEFENDANTS:

22. ZIPCAR INC., a Delaware Corporation; (Legal Department), 33 Thompson

Place, Boston, Massachusetts 02210;

23. Avis Budget Group, Inc., a Delaware Corporation; 6 Sylvan Way,

Parsippany, New Jersey 07054;

24. DOES' 1 through 10 - Plaintiff is presently unable to confirm which of

'ZIPCARs' wholly owned subsidiaries and/or affiliated companies; DOES'

1 through 10 are liable for the claims asserted herein. Discovery will allow

Plaintiff to proceed with naming additional, 'ZIPCAR,' affiliated and owned

companies. Other persons identities included in DOES' 1 through 10, whose

identities are unknown to Plaintiff participated in the events alleged herein

which gives rise to the claims asserted by Plaintiff.

### IV.        <u>VENUE AND JURISTICTION:</u>

25.    Venue is appropriate under 28 U.S.C.A. § 1332 because, *inter alia*:

'PLAINTIFF,' is permanently domiciled in NEW YORK STATE, County of

Nassau; 'ZIPCAR' directs its business activities to residents of New York

State, County of Nassau and to others similarly situated Nationwide, from its

headquarters located at, BOSTON, MASSACHUSETTS; a DELAWARE

Corporation, also operating a commercial website known as, zipcar.com.

3.     The Federal courts' jurisdiction is limited, and Federal courts generally may

only hear a case if it involves a question of Federal law or where diversity of

citizenship exists between the parties and the amount in controversy exceeds

the jurisdictional minimum. See 28 U.S.C. §§ 1331, 1332.  Federal question

jurisdiction exists in all civil actions arising under the Constitution, laws, or

treaties of the United States. 28 U.S.C. § 1331 - A claim 'arises under'

federal law when the federal question is presented on the face of the

plaintiff's well-pleaded complaint. Aetna Health Inc. v. Davila, 542 U.S.

200, 207 (2004). The party asserting jurisdiction carries the burden of

establishing subject matter jurisdiction. Volvo Trucks N. Am., Inc. v.

Crescent Ford Truck Sales, Inc., 666 F.3d 932, 935 (5th Cir. 2012).

5.     At least one of the Defendants is licensed to do business in the State of New

York, pursuant to 15 USC § 15 and 22, and 28; USC § 1391(b) and (c).

## V.          **JURY DEMAND**

26.    Plaintiff demands a jury trial pursuant to the Seventh Amendment to the

Constitution pursuant to Federal Rule of Civil Procedure [38].

## VI.          **LEGAL STANDING TO FILE LITIGATION**

27.    Plaintiff incorporates and re-alleges by reference all allegations contained in

paragraphs 1 through 26 as if fully set forth herein.

28.     Unfair business competition and practices includes any "unlawful, unfair or

fraudulent" act or practice, as well as any "unfair, deceptive, untrue or

misleading" advertising.

29.    'ZIPCAR' and 'AVIS' have violated 15 U.S.C. § 45(a)(1) by representing

false and misleading statements and advertising pertaining to services that

do not or never exist/existed.

30.   The gravity of harm resulting from these unfair acts and practices

outweighed any conceivable reasons, justifications and/or motives of the

Defendants to engage in such deceptive acts and practices. By committing

the acts and practices alleged herein, Defendants proved that they engaged in

unfair business practices within the meaning of NY CLS General Bus § 350 ,

Common Law Fraud, Conspiracy, NY CLS Gen Bus § 349, 15 U.S.C. §§

52(a), 15 U.S.C. § 45(a)(1), NY Exec. Law § 63(1), (RICO) 18 U.S.C. §

1961 *et seq*.,.

31.   Through its unfair acts and practices, 'ZIPCAR' knowingly and improperly

obtained money from the Plaintiff and others similarly situated. As such, the

Plaintiff requests that 'ZIPCAR' restores that money to the Plaintiff and then

enjoins itself from continuing to violate the aforementioned laws and

statutes as described herein now and in the future.  Failing to do so will

cause Plaintiff and others similarly situated to be irreparably harmed and/or

denied an effective and complete remedy.

32.   'ZIPCARs' advertising materials concerning false and misleading,

'RENTAL LOCATIONS' are fraudulent within the meaning of 15 U.S.C. §

45(a)(1) because they deceived the Plaintiff and 'APPLICANT,' and was

likely to deceive others similarly situated, into believing that' ZIPCAR' was

and/or offering value when compared to traditional car rental companies

such as 'Enterprise' and/or 'Hertz.' The reality is that those bargains do not,

in fact exist when compounded by ancillary outside attached costs associated

with Plaintiff distant proximity to 'ZIPCARs' nearest rental location.

## VII.        **FACTUAL ALLEGATIONS**

33.   'ZIPCAR' deceived consumers by promulgating false advertisements stating

      that, 'ZIPCAR' was offering value when compared to the prevailing car

      rental market rates.  What 'ZIPCAR' neglected to include were ancillary

      costs associated with transportation too distant unknown car rental pickup

      locations.

34.   'ZIPCAR' fraudulently induced Plaintiff and 'APPLICANT,' to believe they

      were receiving services available, 'right next door.'  This perception was

      enough to induce any reasonable consumer, including 'APPLICANT,' to

      submit an application for 'ZIPCARs' services at, "zipcar.com, which

      otherwise would not have been done.

35.   'ZIPCARs' fraudulent practices as described herein deceived Plaintiff and

      as so were highly likely to deceive other members of the consuming public.

36.    Plaintiff relied on 'ZIPCARs' misleading and deceptive representations

regarding car rental, 'availability' within close proximity to their residence.

These key factors played a substantial role in the Plaintiffs' decision to

procure services that 'APPLICANT' would not have ordinarily purchased

without inducement by, 'ZIPCARs' fraudulent misrepresentations.

Accordingly, Plaintiff suffered monetary loss as a direct proximate result of

'ZIPCARs' deceptive marketing practices described herein.

37.    As a result of the abhorrent conduct described above, 'ZIPCAR' has been

unjustly enriched at the expense of Plaintiff and others similarly situated.

Specifically, 'ZIPCAR' has been unjustly enriched by obtaining revenues

and aggrandizing profits that it would not have obtained absent of its false,

misleading and deceptive conduct.

38.    Through its unfair acts and practices, 'ZIPCAR' has improperly obtained

revenue from the Plaintiff.  As such, Plaintiff requests that ZIPCAR restore

those funds, and enjoin itself from continuing to violate 15 U.S.C. § 45(a)

(1) now and in the future. Failing to do so will cause Plaintiff and others

similarly situated to be irreparably harmed and/or denied an effective and

complete remedy absent of adjudicating the aforementioned issues

referenced herein.

39.    Further, the, "FTCA," prohibits unfair or deceptive acts or practices in or

affecting commerce" and specifically prohibits false advertisements pursuant

to, 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a).  The FTC has established

Guidelines that prohibit fake car rental schemes, similar to ZIPCARs',

'advertising,' scheme in material respects, as deceptive practices that would

violate the FTCA:

(a). It bears repeating that the manufacturer, distributor or retailer must in

every case act honestly and in good faith in advertising services they provide

to the public, and not with the intention of establishing a basis, or creating an

instrumentality, for a deceptive comparison in any local or other trade area.

For instance, a manufacturer may not affix price tickets containing inflated

prices as an accommodation to particular retailers who intend to use such

prices as the basis for advertising fictitious price reductions under 16 C.F.R.

§ 233.3.  The same applies to 'ZIPCARs' advertising that assures consumers

that, 'rental cars are available right next door,' for short and long term rental.

40.   'ZIPCARs' use of and reference to a materially false, 'RENTAL

LOCATIONS, RIGHT NEXT DOOR,' in connection with its marketing and

advertisements concerning services provided at, 'zipcar.com,' violated and

continues to violate the FTCA, 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a),

as well as FTC Guidelines published at 16 C.F.R. § 233.

41.   Plaintiff brings these issues to light individually, as well as <u>possibly on</u>

<u>behalf of members of a Class similarly situated,</u> under New York State and

Federal Law. Although there are numerous permutations of the elements of

unjust enrichment causes of action in various States, there are few real

differences.  In all States, the focus of an unjust enrichment claim is whether

Defendants were unjustly enriched. At the core of each State's laws are two

fundamental elements – the Defendants received a benefit from Plaintiff and

it would be inequitable for Defendants to retain that benefit without

compensating Plaintiff. The focus of an inquiry into these matters is the

same in each State. Since there is no material conflict relating to the

elements of unjust enrichment between different jurisdictions from which

members of a class maybe drawn, New York State Law applies to the claims

of the Classes when necessary.

42.   Plaintiff and others similarly situated conferred upon Defendants non-

gratuitous payments for services that they would not have if not for

Defendant's deceptive advertising, and marketing. Defendants accepted or

retained the non-gratuitous benefits conferred by Plaintiff and others

similarly situated, with full knowledge and awareness that, as a result of

Defendant's deception, Plaintiff and others similarly situated did not receive

a service of quality, fitness, or value that was represented by Defendant to

reasonable consumers who would not have expected deceptive acts

perpetrated upon them.

43.   Defendants have been unjustly enriched in retaining the revenues derived

from unreasonable car rental services from Plaintiff and others similarly

situated, which retention under these circumstances is unjust and inequitable

because Defendants misrepresented, among other things, that its services

were being offered, 'right next door'?  These actions caused injuries too

Plaintiff and others similarly situated because each party paid for, and/or

paid a premium price due to a misleading marketing and advertising scheme.

44.   Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiff

and those similarly situated under these circumstances made Defendants'

retention of those non-gratuitous benefits unjust and inequitable. Thus,

Defendants' must pay restitution to the Plaintiff to avoid long and costly

litigation.

### VIII.                COUNT ONE
### VIOLATION OF NY Gen. Bus. Law § 349

45.    Plaintiff re-alleges and incorporates the foregoing allegations as set

       forth herein.

46.    'ZIPCAR' acting concomitantly with 'AVIS.' engaged in deceptive practices

       in the conduct of business, trade and/or commerce in New York State, in

       violation of GBL § 349(a) in the course of promoting, advertising and

       marketing its car rental services, as set forth above.

47.    'ZIPCAR' acting concomitantly with 'AVIS,' has damaged Plaintiff and

       numerous other individuals and entities resident in New York through its

       deceptive practices in violation of GBL § 349(a).

48.    'ZIPCAR' acting concomitantly with 'AVIS.' has wrongfully obtained

       pecuniary remuneration and/or property, directly and/or indirectly, by

       imparting these deceptive practices upon Plaintiff and numerous other

       individuals and entities resident in NewYork and Nationwide.

## VIII.                    COUNT TWO
### VIOLATION OF NY Gen. Bus. Law § 350

49.   Plaintiff re-alleges and incorporates the foregoing allegations as set

      forth herein.

50.   'ZIPCAR' acting concomitantly with 'AVIS,' made representations and/or

      omissions of fact that were materially misleading, and thereby made false

      advertisements in the conduct of business, trade and/or commerce in New

      York State, in violation of GBL § 350, in the course of advertising,

      promoting, and/or marketing car rental services, as set forth above.

51.   'ZIPCAR' acting concomitantly with 'AVIS,' has damaged Plaintiff and

      numerous other individuals and entities resident in New York and

      Nationwide through its false advertisements in violation of GBL § 350.

## IX.                    COUNT THREE
### REPEATED AND PERSISTENT FRAUD IN VIOLATION OF
### NEW YORK EXECUTIVE LAW § 63(12)

52.   Plaintiff re-alleges and incorporates the foregoing allegations as set

      forth herein.

53.   'ZIPCAR' acting concomitantly with 'AVIS,' engaged in repeated and/or

      persistent fraud in violation of Executive Law § 63(12) in the course of its

promotion, marketing, and/or advertisement of car rental services in New

York State and Nationwide.

54.    'ZIPCAR' acting concomitantly with 'AVIS,' engaged in repeated and/or

persistent fraud in violation of Executive Law § 63(12) through its: (i)

fraudulent scheme to promote and market car rental services described

above; and/or (ii) false statements and/or omissions to New York State on

each of its Applications to engage in the rental of automobiles.

55.    'ZIPCAR' acting concomitantly with 'AVIS,' engaged in repeated and/or

persistent fraud in violation of Executive Law § 63(12) by promulgating its

false statements and/or omissions to New York State and Nationwide on

each of its Applications to engage in the rental of automobiles.

56.    'ZIPCAR' acting concomitantly with 'AVIS,' damaged Plaintiff and

numerous other individuals and entities resident in New York State and

Nationwide, and aggrandized its profits, through repeated and persistent

fraud in violation of Executive Law § 63(12).

### X.                     COUNT FOUR
### REPEATED AND PERSISTENT ILLEGALITY IN VIOLATION OF
### NEW YORK EXECUTIVE LAW § 63(12)

57.   Plaintiff re-alleges and incorporates the foregoing allegations as set

      forth herein.

58.   'ZIPCAR' acting with Does' 1 through 10, engaged in repeated and/or

      persistent illegality in violation of Executive Law § 63(12) in the course of

      its, promotion, marketing, and/or advertising of car rental services in New

      York State and Nationwide.

59.   'ZIPCAR' acting concomitantly with 'AVIS,' engaged in repeated and/or

      persistent illegality in violation of Executive Law § 63(12) through its

      violations pursuant to, *inter alia*: (i) General Business Law § 349; (ii)

      General Business Law § 350.

60.    'ZIPCAR' acting concomitantly with 'AVIS,' damaged Plaintiff and

      numerous other individuals and entities resident in New York State and

      Nationwide, and aggrandized its ill-gotten profits, through repeated and

      persistent illegality in violation of Executive Law § 63(12).

## XI.                    COUNT FIVE
                   COMMON-LAW FRAUD

61.   Plaintiff re-alleges and incorporates the foregoing allegations as set

      forth herein.

62.   'ZIPCAR' acting concomitantly with 'AVIS,' knowingly made material

      misrepresentations and/or omissions of facts to Plaintiff, in order to induce

      'APPLICANT' to join 'ZIPCAR' and as a result rent automobiles, as set

      forth in detail above.

63.   'ZIPCAR' acting concomitantly with 'AVIS,' was aware when

      'APPLICANT,' subscribed an application and tendered payment to

      'ZIPCAR' for car rental services on March 12, 2018.  'ZIPCAR'

      promulgated these misrepresentations and/or false omissions, or

      alternatively reckless and then disregarding the misrepresentations falsity.

64.   'ZIPCAR' acting concomitantly with 'AVIS,' induced 'APPLICANT,' to

      subscribe and tender payment, knowing she would rely on its

      misrepresentations and/or omissions.

65.   Plaintiff and 'APPLICANT' did in fact reasonably rely upon 'ZIPCARs'

      misrepresentations and/or omissions.

66.   Plaintiffs' reliance on 'ZIPCARs' misrepresentations and omissions of

      material fact, caused Plaintiff to suffer direct and consequential injury.

67.   'ZIPCARs' fraudulent conduct was egregious, as directed towards Plaintiff

      and 'APPLICANT' and involved a high degree of moral culpability.

BRODSKY v. ZIPCAR
Summons & Complaint

## XII.          COUNT SIX
## CONSPIRACY

68.  Plaintiffs re-allege and incorporate the foregoing allegations as set

forth herein.

69.  'ZIPCAR' willfully agreed to conspire with 'AVIS' to knowingly proffer

material misrepresentations and/or omissions of fact, in order to induce,

APPLICANT, to join 'ZIPCAR' and as a result rent automobiles, as set forth

in detail above.

70.  'ZIPCAR' acting concomitantly with 'AVIS,' employed these tactics in an

effort to aggrandize profits from increased rental car sales.

71.  'ZIPCAR' acting concomitantly with 'AVIS,' promulgated false or

misleading statements directly and through third party avenues (Avalon

Great Neck) to further the objectives of the conspiracy.

72.  Plaintiff was directly and proximately harmed by the 'ZIPCAR' conspiracy

in an amount to be determined in this litigation.

## XIII.          COUNT SEVEN
## VIOLATION OF 15 U.S.C. §§ 52(a)

73.  Plaintiff re-alleges and incorporates the foregoing allegations as set

forth herein.

74.     'ZIPCAR' promulgated unfair or deceptive acts or practices.  Dissemination

of false and/or misleading advertisements within the provisions of

subsection (a) of this section shall be an unfair or deceptive act or practice in

or affecting commerce within the meaning of section 5, 15 USCS § 45.

75.     'ZIPCAR' has no constitutional right to disseminate false advertisements by

United States mails or by any means in commerce for purpose of inducing or

which is likely to induce directly or indirectly purchase in commerce of

misleading advertised products. American Medicinal Products, Inc. v

Federal Trade Com. (1943, CA9) 136 F2d 426.

76.     It is not necessary that false advertising be directly disseminated by

'ZIPCAR,' since 15 USCS § 52 makes it unlawful for 'ZIPCAR' to cause

such false advertising to be disseminated. Shafe v Federal Trade Com.

(1958, CA6) 256 F2d 661.

77.     Advertising falls within proscription of Federal Trade Commission Act not

only when there is proof of actual deception but also when representations

made have capacity or tendency to deceive, that is, when there is likelihood

or fair probability that reader will be misled; it is therefore necessary in these

cases to consider advertisement in its entirety and not to engage in

disputatious dissection; ultimate impression upon mind of reader arises from

sum total of not only what is said but also of all that is reasonably implied;

advertising need not be literally false in order to fall within proscription of

Act. <u>FTC v Sterling Drug, Inc. (1963, CA2 NY) 317 F2d 669.</u>

78.   The fact that 'ZIPCAR' effectuated its representations in good or bad faith is

    not determinative of whether such statements are deceptive and misleading;

    however, in order to be held participant in deception, advertising agency

    must know or have reason to know of falsity of advertising. <u>Doherty,</u>

    <u>Clifford, Steers & Shenfield, Inc. v FTC (1968, CA6) 392 F2d 921, 1968</u>

    CCH Trade Cases P 72397.

79.   Plaintiff is entitled to recover from ZIPCAR, all monies Plaintiffs have spent

    and will have to spend in the future to address the effects of  ZIPCARs'

    actions.

### XIV.              COUNT EIGHT
### VIOLATION OF 15 U.S.C. §§ 52(a)

80.   Plaintiff re-alleges and incorporates the foregoing allegations as set

    forth herein.

81.   'ZIPCAR' knowingly and willingly promulgated marketing, promotion and

    advertising that was intended to induce 'APPLICANT' into subscribing to

its car rental services.  These deceptions violated the basic business

principles that prevent unfair business competition and practices that

includes any 'unlawful, unfair or fraudulent' act or practice, as well as any

'unfair, deceptive, untrue or misleading' advertising.

82.    'ZIPCAR' and 'AVIS' knowingly and willingly violated 15 U.S.C. § 45(a)

(1) by fraudulently representing false and misleading statements and

advertising to affirm services that by virtue of their untenable geographic

location made it impossible for 'ZIPCAR' to fulfill its advertised, ' RIGHT

NEXT DOOR'.

83.    The gravity of harm resulting from these unfair acts and practices

outweighed any conceivable reasons, justifications and/or motives of the

Defendants to engage in such deceptive acts and practices. By committing

the acts and practices alleged herein, Defendants proved that they have a

compunction to engage in unfair business practices within the meaning

of 15 U.S.C. § 45(a)(1).

### XV.          COUNT NINE
### VIOLATION OF THE RACKETEER INFLUENCED
### CORRUPTION ACT (RICO) 18 U.S.C. § 1961 *et seq.,*

84.    Plaintiff re-alleges and incorporates the foregoing allegations as set

forth herein.

85.    Each officer, director, executive and manager associated with the 'ZIPCAR'

scheme to defraud consumers, through a pattern of racketeering activities

within the meaning of, 18 U.S.C. §§ 1961(1), 1961(5), 1961(5) and 1962©

and used mail or wire facilities, is in violation of 18 U.S.C. § 1341 (mail

fraud) and § 1343 (wire fraud).

86.    'ZIPCAR,' conspiring with 'AVIS' aided, abetted and committed what

appears to be two predicate acts of racketeering, 18 U.S.C. §§ 1341 and

1343.  'ZIPCAR' conspired with 'AVIS,' by jointly using the same methods

to induce consumers such as 'APPLICANT' to join its car rental program at

any cost.  As evidenced herein, a great deal of these illegal activities were

enacted in the United States.  Along with personal meetings, the Defendants

hatched and promoted their fraudulent scheme by using the phone, mail and

internet to communicate their criminal activities.

87.    'ZIPCAR' as a subsidiary of 'AVIS,' defrauded Plaintiff by obtaining

pecuniary remuneration under materially false or fraudulent pretenses, false

representations, false promises and by furthering an ongoing pattern of

concealment. 'ZIPCAR' concealed these fraudulent activities thousands of times when they willingly engaged in criminal racketeering activities to further aggrandize profits at any cost.

88.     These RICO predicated acts of racketeering (18 U.S.C. § 1961(1)) include, but are not limited to:

(a) Mail Fraud: ZIPCAR violated 18 U.S.C. § 1341 by sending or receiving, or by causing to be sent and/or received, materials via U.S. mail or commercial interstate carriers for the purpose of executing the unlawful scheme to advertise, manufacture and market car rental services by means of false pretenses, misrepresentations, promises, and omissions.

(b) Wire Fraud: ZIPCAR violated 18 U.S.C. § 1343 by transmitting and/or receiving, or by causing to be transmitted and/or received, materials by wire for the purpose of executing the unlawful scheme to defraud and obtain money on false pretenses, misrepresentations, promises, and omissions.

89.     Plaintiff demands the court to impose treble damages at three times actual damages, along with equitable relief for costs associated with this litigation pursuant to 18 U.S.C. § 1964(c).

## XIII.          **PUNITIVE DAMAGES**

90.    'ZIPCAR' committed intentional acts of an unreasonable character in

disregard of known or obvious risks so great as to make it highly probable

that harm would result in the course of its promotion, advertisement, and/or

marketing of car rental services to individuals such as Plaintiff.

91.    As a consequence of each such intentional act when Plaintiff suffered direct

and consequential injury.

92.    'ZIPCARs' willful misconduct was egregious when directed at Plaintiff and

involved a high degree of moral culpability.

### PRAYER FOR RELIEF

93.     For an award of actual, general, special, incidental, statutory, compensatory

and consequential damages on claims brought under , NY CLS General Bus

§ 350 , Common Law Fraud, Conspiracy, NY CLS Gen Bus § 349, 15

U.S.C. §§ 52(a), 15 U.S.C. § 45(a)(1), NY Exec. Law § 63(1), (RICO) 18

U.S.C. § 1961 et seq.,., and in an amount to be proven at trial;

94.    For an order requiring Defendants to disgorge, restore, and return all funds

wrongfully obtained together with interest calculated at the maximum legal

rate;

95.     For an order enjoining 'ZIPCARs' wrongful conduct alleged herein;

96.     For costs associated with adjudicating this matter;

97.     Punitive damages as the Court deems just and proper;

98.     For interest at the highest possible rate and penalties;

99.     For such other relief as the Court deems just and proper;

100.    For intentional infliction of emotional distress;

101.    For negligent infliction of emotional distress;

## **PLAINTIFFS AFFIRMATION**

On this 18th day of May, 2019, Plaintiff, Jay Brodsky on behalf of

'APPLICANT' Donna Martin, residing at 240 East Shore Road, Apartment

444, Great Neck, New York 11023, duly deposes under penalty of perjury,

that the facts as stated herein are true to the best of his knowledge.


Signed this 18th day of May, 2019 at Great Neck, New York;



_____

Jay Brodsky, Plaintiff, ProSe

Case No.                          BRODSKY v. ZIPCAR                    Page 31 of 31
May 18, 2019                      Summons & Complaint

Summons and Complaint